NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| WILLIE WINTON CRABTREE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-115-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WAL-MART, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Willie Winton Crabtree, an individual confined in the Wayne County Detention Center in Monticello, Kentucky, has filed a *pro se* complaint, pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*. His motion to proceed as a pauper will be addressed in a separate Order this date. The complaint is now before the Court for initial screening. 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons to be discussed below, this action will be dismissed.

CLAIMS AND FACTUAL ALLEGATIONS

The following is a summary or construction of the allegations in the Plaintiff's responses on a standard complaint form and in attachments. [Record No. 1]

To the question of which constitutional or other federal law has purportedly been violated, the Plaintiff states, "My freedom, My income, My medical needs & help, My sanity violation of KRS 527.020 & KRS 527.040." For this, he seeks monetary relief.

When asked to state "the facts of your case," the Plaintiff has written only one paragraph. He alleges therein that a Wal-Mart in Monticello sold him a flair pistol without running a background check which would have revealed the Plaintiff's criminal record. Since the store did not run the check, however, the sale was concluded rather than barred. Afterwards, the Monticello Police Department arrested the Plaintiff and charged him with carrying a concealed deadly weapon in violation of Kentucky Revised Statute Section ("KRS") 527.020, and with being a convicted felon in possession of a firearm in violation of KRS 527.040.

Attached to the complaint is a poor copy of what appears to be a Wal-Mart receipt, dated August 2, 2005, for an "alert kit" costing $26 and two flares priced at $8.23 each; and a copy of the Wayne County Court's warrant for Crabtree's arrest. The warrant is dated September 21, 2005, and marked executed on September 22, 2005. The latter document shows four charges against the Plaintiff: the two above-listed firearms offenses, plus promoting contraband in the first degree and alcohol intoxication in a public place, third degree.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *See* U.S.C.A., Const. Art. 3, §1, *et seq.*; *see also Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137 (1803)). Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)).

Lack of subject matter jurisdiction may be asserted at any time by the parties or by the Court *sua sponte*. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583

(1939). "Quite logically, we examine the jurisdictional issue at the outset. *See*, *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 95 . . . (1981) . . . ." *Moubry by Moubry v. Independent School District No. 696 (Ely)*, 951 F. Supp. 867, 882 (D. Minn. 1996). The Plaintiff has the burden to set out expressly affirmative allegations to establish that this Court has subject matter jurisdiction. *See e.g.*, *Thomson v. Gaiskill*, 315 U.S. 442 (1942).

As a general matter, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. In this case, the Plaintiff has not affirmatively claimed jurisdiction under §1331, nor does he provide facts which would establish a claim under §1331 or any other basis so as to establish the jurisdiction of this Court. In short, the Plaintiff has utterly failed to carry his burden with regard establishing jurisdiction in a federal court.

To the extent that the Plaintiff claims to bring this action pursuant to 42 U.S.C. §1983, he fails to present the two essential elements which a plaintiff must allege and prove in order to establish a right to relief under §1983. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, the Plaintiff must demonstrate that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The Plaintiff has not pled either of the above-stated elements. He references no part of the U.S. Constitution or other federal law. Even when a plaintiff generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws

and/or amendments thereto, but nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Likewise, the Plaintiff has not established that Wal-Mart, a retail store, is a state actor. To the contrary, the instant complaint charges purely private conduct – a sale. This alleged conduct is not reached by 42 U.S.C. §1983. *See Parratt v. Taylor*, 451 U.S. 527 (1981). It is well established that in order to state a claim under §1983, a plaintiff must show that the alleged violation of federal rights is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 822, 837 (1987).

To meet the second requirement of a §1983 claim, "[i]n essence, it must be demonstrated that the State is intimately involved in the challenged private conduct in order for that conduct to become attributable to the state . . ." *Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983). *See also Moore v. City of Paducah*, 890 F.2d 831, 833 (6th Cir. 1989). "[T]he state has no affirmative duty to protect citizens from the actions of third parties." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1063 (6th Cir. 1994) (citing *DeShaney v. Winnebago County Soc. Servs. Dep't.*, 489 U.S. 189, 194 (1989)). Thus, the Plaintiff also has failed to carry the burden of establishing the second §1983 element.

This Court is well-aware that complaints filed by *pro se* litigants are held to a less stringent standard than those filed by legal counsel. However, the minimum pleading requirements of the federal rules must be satisfied and patently insubstantial complaints may be

dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

Finally, it should be noted that the Plaintiff's complaint against Wal-Mart appears to be an assertion of "look what you made me do." He blames the store, not himself, for his possession of the flares. This does not state a claim upon which this Court may grant relief. Therefore, even had he alleged a cognizable basis for the federal court's jurisdiction, his claims are also subject to dismissal for failure to state a claim, pursuant to Rule 12(b)(6) and 28 U.S.C. §1915(e)(2)(B). For this reason alone, dismissal of this action would be appropriate, *sua sponte*.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is hereby

**ORDERED** that this action shall be **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket. A separate Judgment shall be issued this date.

This 4th day of April, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge